**David BURGESS and Ingrid Burgess, Plaintiffs—Appellants,**

**and**

**Sherwin M. Fellen**

**v.**

**L. Lance GILMAN; Susan Austin; Cash Administration Services, LLC; Cash Management Services, LLC; Cash Processing Services, LLC; Dennis Hof and Wild Horse Saloon, LLC, Defendants—Appellees.**

No. 07–15093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2008.

Filed Sept. 4, 2008.

Fritz Clapp, Esquire, Kihei, Maui, HI, M. Jerome Wright, Esquire, Reno, NV, for Plaintiffs–Appellants.

Elaine S. Guenaga, Esquire, Mark H. Gunderson, Esquire, Gunderson Law Firm, Reno, NV, for Defendants–Appellees.

Before: THOMPSON and WARDLAW, Circuit Judges, and BOLTON,* District Judge.

## MEMORANDUM **

David and Ingrid Burgess appeal from the district court's judgment following a bench trial in their trademark infringement action against Defendants concerning ownership of the "MUSTANG RANCH" mark in connection with brothel services. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Trademark abandonment is a question of fact reviewed under the clearly erroneous standard. *See Star–Kist Foods, Inc. v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1396 (9th Cir.1985) (explaining that abandonment "is a factual issue, well within the domain of the district court"); *Rivard v. Linville*, 133 F.3d 1446, 1449 (Fed.Cir. 1998) ("Abandonment is a question of fact. We sustain the board's fact findings unless they are clearly erroneous."). Similarly, whether an assignment was in gross or, as the district court found here, accompanied by goodwill is a question of fact that the Court will uphold unless it is found to be clearly erroneous. *See E. & J. Gallo Win-*

---

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

544

*ery v. Gallo Cattle Co.,* 967 F.2d 1280, 1289 (9th Cir.1992) (labeling the district court's decision a "factual finding" where it had determined "that goodwill had been assigned along with the mark").

Here, the district court applied the correct legal standard for abandonment and its findings of fact were not clearly erroneous. *See Abdul–Jabbar v. Gen. Motors Corp.,* 85 F.3d 407, 410–11 (9th Cir. 1996). The government came forward with evidence sufficient to rebut the presumption of abandonment that arose from the approximately four-year period of non-use, and the Burgesses were unable to carry their burden of strict proof that the government intended not to resume use of the trademark. *See id.* at 411; *Electro Source, LLC v. Brandess–Kalt–Aetna Group, Inc.,* 458 F.3d 931, 935 n. 2 (9th Cir.2006). Portions of the evidence presented at trial, including the testimony of former Department of the Interior Solicitor Alf Brandt regarding both the March 10, 2003 press release announcing the decision to demolish the brothel buildings and the initial unsuccessful eBay auction, led the district court to conclude that the government was actively considering the various interests and repeatedly reassessing its position going forward. The government's conduct, characterized as indecisiveness by the district court, was held insufficient to strictly prove that the government intended not to resume use of the trademark and, in our view, this conclusion was not clearly erroneous.

The district court also properly rejected the Burgesses' argument that the transfer of the "MUSTANG RANCH" mark to Cash Administration Services, LLC was a prohibited assignment in gross. *See Mister Donut of Am., Inc. v. Mr. Donut, Inc.,* 418 F.2d 838, 842 (9th Cir. 1969) ("The law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated."). The goodwill associated with the "MUSTANG RANCH" mark, which is necessary to its survival, was intact at the time of the assignment and was transferred to the Gilman entities which then continued to associate the trademark with similar services following the sale. For a trademark assignment to confer rights on the purchaser, goodwill must accompany the assignment, but "[i]t is not necessary that the entire business or its tangible assets be transferred." *E. & J. Gallo,* 967 F.2d at 1289 (citing *Money Store v. Harriscorp Fin., Inc.,* 689 F.2d 666, 676 (7th Cir.1982)); *accord Visa, U.S.A., Inc. v. Birmingham Trust Nat. Bank,* 696 F.2d 1371, 1375 (Fed.Cir.1982) ("A valid transfer of a mark, however, does not require the transfer of any physical or tangible assets. All that is necessary is the transfer of the goodwill to which the mark pertains."). The brothel buildings were sold with the "MUSTANG RANCH" mark at the second eBay auction and were representative of the goodwill of the business. However, this in no way leads to the conclusion that, absent the buildings, the sale would have been in gross. There is evidence that substantial goodwill existed at the time of the assignment, and the district court's finding consistent with this was not clearly erroneous.

**AFFIRMED.**